IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**EVANSTON INSURANCE COMPANY,**

    **PLAINTIFF,**

**v.**      **CIVIL ACTION NO.:** 5:22-cv-00221

**MIKE CERNUTO CONTRACTING, LLC,
JOHN LILLY, AND KERRIE LILLY,**

    **DEFENDANTS.**

## COMPLAINT FOR DECLARATORY RELIEF

Evanston Insurance Company ("Evanston"), by counsel, Lee Murray Hall and the law firm of Jenkins Fenstermaker, PLLC, pursuant to Rule 57 of the Federal Rules of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, respectively submits this Complaint requesting that the Court declare the rights and responsibilities of the parties relative to a contract of insurance issued by Evanston to Mike Cernuto Contracting, LLC ("Cernuto") under which John Lilly and Kerrie Lilly have made claims.

In support of its Complaint for Declaratory Relief, Evanston states as follows:

## PARTIES

1. Evanston is an Illinois corporation engaged in the business of insurance, having a principal place in Rosemont, Deerfield, Illinois.

2. Defendant Mike Cernuto Contracting, LLC is a West Virginia limited liability company engaged in the business of construction, having a principal place of business of P.O. Box 1267, Crab Orchard, West Virginia.

3. John Lilly and Kerrie Lilly entered into a contract with Certuto and are currently pursuing civil litigation against Cernuto arising out of the contract in the Circuit Court of Raleigh County (the Lillys or Underlying Plaintiffs).

## JURISDICTION AND VENUE

4. This Court has jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. § 1332, in that the parties in the Complaint are of diverse citizenship, and the amount in controversy exceeds $75,000.00 exclusive of interest and attorneys' fees.

5. This Court has jurisdiction to enter a declaratory judgment pursuant to 28 U.S.C. § 2201 and 2202, and Federal Rule of Civil Procedure 57.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the events from which this action arises occurred within Raleigh County, which is within the Beckley Division of the United States District Court for the Southern District of West Virginia.

## UNDERLYING FACTS

7. On or around July 7, 2017, John and Kerrie Lilly entered into a contract with Cernuto to construct a residence at 234 Magnolia Street, Crab Orchard, West Virginia.

8. Under the contract, Cernuto was to construct the residence and the Lillys were to pay $210,000 in four draws: $80,000 when construction started; $80,000 when there was felt on the roof and the roofs and doors were set; $30,000 when finish work started, including tile, cabinets, trim, and doors, and; $20,000 upon completion.

9. The Lillys allege that Cernuto stopped work in August 2018 and refused to perform any additional work under the contract.

10. The Lillys further allege that, as of August 2018, they had paid two draws to Cernuto.

11. On or around August 5, 2019, the Lillys filed suit against Cernuto in the Circuit Court of Raleigh County, West Virginia alleging causes of action based upon Fraud, Breach of Contract, and Negligence which is styled: *John Lilly and Kerrie Lilly v. Mike Cernuto Contracting LLC and Michael R. Cernuto* ("the Underlying Complaint") (the "Underlying Lawsuit"). See Underlying Complaint, attached as Exhibit A.

12. The Underlying Complaint seeks damages for costs of repairs, replacement costs, emotional distress, aggravation, inconvenience, lost wages, and other damages including costs and attorneys' fees, and punitive damages.

13. On or around March 31, 2021, Cernuto filed a Third-Party Complaint against Joe's Plumbing, Meade Leasing Company, Inc., d/b/a MLC Well Service, Inc., Stevie Lilly, and Eddie Patton alleging that the Third-Party Defendants contributed to the allegations contained within the Lillys' Complaint. Subsequently, MLC Well Services, Inc. was voluntarily dismissed, and Meades Custom Cabinets substituted in its stead.

14. Evanston issued CGL Policies 3AA163252, 3AA325937, and 3AA385965 to Cernuto with coverage periods extending from 2/26/2018 – 2/26/2019, 2/26/2019 – 4/26/2019, and 2/26/2020- 2/26/2021, respectively (hereinafter collectively referred to as the "Policies")[1].

15. Evanston issued a timely Reservation of Rights upon receipt of the Complaint. See Reservation of Rights Letter, attached as Exhibit B.

16. Evanston now seeks a determination that it has no further duty to defend and indemnify Cernuto for the claims asserted in the Underlying Lawsuit pursuant to the terms of the Policies.

---

[1] For purposes of this coverage litigation, the terms of the Policies are identical. Policy No. 3AA163252 is attached as Exhibit C.

**COUNT I – Certain Claims Fall Outside the Coverage Grant**

17. Evanston restates and incorporates by reference the allegations set forth in Paragraphs 1 through 14, inclusive, of this Complaint for Declaratory Relief as though fully restated herein.

18. The Policies contain the following grant of coverage:

*SECTION I COVERAGES*
*COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

*1. Insuring Agreement*

*a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:*
  - *(1) The amount we will pay for damages is limited as described in Section **III** Limits Of Insurance; and*
  - *(2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.*

*No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments Coverages **A** and **B**.*

*b. This insurance applies to "bodily injury" and "property damage" only if:*
  - *(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
  - *(2) The "bodily injury" or "property damage" occurs during the policy period; and*
  - *(3) Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** - Who Is An Insured and no "employee" authorized by you to give or receive notice of an*

4

> *"occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.*

CG00 01 04 13 at p. 1 of 16.

19. The Policies also contain the following relevant definitions**:**

*"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.*

*"Property damage" means:*

***a.*** *Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*

***b.*** *Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it*

CG00 01 041 3 at p. 15 of 16.

20. The policies redefine an "Occurrence" as follows:

### *CHANGES – OCCURRENCE REDEFINED*

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE FORM*
*OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE FORM*

*The Definition of "occurrence" in the Definitions section is replaced by the following:*

*"Occurrence" means:*
*a.     An accident, including continuous or repeated exposure to substantially the same general harmful conditions; or*
*b.     "Bodily injury" or "property damage" resulting from faulty workmanship, exclusive of the faulty workmanship itself.*

5

    MEGL 1847 12 15 at p. 1 of 1.

 21. To the extent that the Underlying Plaintiffs allege property damage resulting from the faulty workmanship itself, there is no coverage under the Policies because such claim falls outside the coverage grant of the Policies.

  **COUNT II – Underlying Plaintiffs Claims Are Excluded By The Policy Exclusions**

 22. Evanston restates and incorporates by reference the allegations set forth in Paragraphs 1 through 19, inclusive, of this Complaint for Declaratory Relief as though fully restated herein.

 23. The Policies contain the following exclusions:

  *2. Exclusions*

  *This insurance does not apply:*

  *…*

  *j. Damage To Property:*

  *"Property damage" to:*

   *…*

   *(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations. If the property damages out of those operations; or*

   *…*

  *m. Damage To Impaired Property Or Property Not Physically Injured*

  *"Property damage" to "impaired property" or property that has not been physically injured, arising out of:*

   *(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or*
   *(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.*

> *This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.*

CG 00 01 04 13 at pp. 2 – 5 of 16.

24. The Policies contain the following endorsement which amends the exclusion for Damage to Your Work as follows:

> ### *EXCLUSION – DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF*
>
> *This endorsement modifies insurance provided under the following:*
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> *Exclusion **l.** of **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:*
>
> **2.    *Exclusions***
>   *This insurance does not apply to:*
>
> **l.    *Damage To Your Work***
>   *"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".*

CG 22 94 10 01 at p. 1 of 1.

25. The Policies also contain the following definition of "Products-completed operations hazard":

> a. *Includes all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work' except:*
>
>   *(1)  Products that are still in your physical possession; or*
>
>   *(2)  Work that has not yet been completed or abandoned. However, 'your work' will be deemed completed at the earliest of the following times:*

7

> *(a) When all of the work called for in your contract has been completed.*
>
> *(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.*
>
> *(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.*
>
> *Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.*
>
>
> *b. Does not include 'bodily injury' or 'property damage' arising out of:*
>
> *(1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the 'loading or unloading' of that vehicle by any insured;*
> *(2) The existence of tools, uninstalled equipment or abandoned or unused materials; or*
> *(3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.*

CG 00 01 04 13 at p. 15 of 16.

26. To the extent that the Underlying Plaintiffs claim coverage for "your work" as defined in the Policies, there is no coverage for such claims.

8

## COUNT III

## Cernuto did not Satisfy the Contractor or Subcontractor Management Condition.

27. Evanston restates and incorporates by reference the allegations set forth in Paragraphs 1 through 24, inclusive, of this Complaint for Declaratory Relief as though fully restated herein.

28. The Policies provide the following condition:

> A. *The following is added to Section **IV** – Commercial General Liability Conditions.*
>
> ***Contractor or Subcontractor Management***
>
> *Prior to the commencement of any work performed for or on behalf of the insured by a contractor or subcontractor, the insured must require, secure and maintain a certificate of insurance that confirms that the contractor or subcontractor:*
>
> a. *Carries Commercial General Liability coverage with limits that are equal to or greater than the limits shown in the Schedule above; and*
>
> b. *Names you as an additional insured on such coverage.*
>
> *If no limits are shown in the Schedule above, then the limits carried by the contractor or subcontractor must be equal to or greater than the limits shown in the Declarations of this Coverage Form.*

MEGL 0103 11 14 at p. 1 of 1.

29. Cernuto did not require, secure, or maintain a certificate of insurance that confirmed the contractor or subcontractor(s) carried Commercial General Liability coverage with limits equal to or greater than those shown in the Schedule prior to the commencement of any work.

30. Cernuto did not require, secure, or maintain a certificate of insurance from the contractor or subcontractor that named Cernuto as an additional insured prior to the commencement of work.

31. Cernuto did not meet the conditions of the Contractor Or Subcontractor Management Condition.

32. Accordingly, Evanston seeks a declaration from the Court that Cernuto did not meet all of the conditions of the Contractor or Subcontractor Management condition.

### **COUNT IV - The Limit of Insurance for the Cernuto's Policy is $50,000**

33. Evanston restates and incorporates by reference the allegations set forth in Paragraphs 1 through 31, inclusive, of this Complaint for Declaratory Relief as though fully restated herein.

34. The Policies each contain the following provision:

> **B.** *If all of the conditions of the Contractor or Subcontractor Management condition are not met or the insured fails to provide proof of compliance with such conditions at the time of an "occurrence", the following is added to Section **III** – Limits of Insurance and will apply to such "occurrence".*
>
> *Subject to Paragraph **2.** of Section **III** – Limits of Insurance, $50,000 is the most we will pay for the sum of all:*
>
> ***a.*** *Damages under Coverage **A**;*
>
> ***b.*** *Damages under Coverage **B**;*
>
> ***c.*** *Medical Expenses under Coverage **C**;*
>
> ***d.*** *Loss adjustment expenses;*
>
> ***e.*** *Supplementary Payments; and*
>
> ***f.*** *Defenses Costs;*
>
> *because of all "bodily injury", "property damage", and "personal and advertising injury" arising out of any one "occurrence" when the insured fails to meet or provide proof of compliance with the Contractor Or Subcontractor Management condition.*
>
> *Once this limit is exhausted, we are no longer obligated to defend or indemnify the insured for such "occurrence".*

10

*All other terms and conditions remain unchanged.*

MEGL 0103 11 14 at p. 1 of 1.

35. Cernuto failed to meet or provide proof of compliance with the Contractor or Subcontractor Management Condition.

36. Thus, to the extent that Underlying Plaintiffs alleged an occurrence that was covered under the Policy, the limit of insurance is $50,000 for Damages, including Defense Costs.

37. Defense costs in the Underlying Lawsuit have reached $50,000.

38. Evanston has exhausted its limits of liability under the Policies.

39. Accordingly, Evanston seeks a declaration from the Court that it has no further duty to provide a defense or indemnification to Cernuto in the Underlying Lawsuit.

## **COUNT V - No Coverage For Fraud**

40. Evanston restates and incorporates by reference the allegations set forth in Paragraphs 1 through 38, inclusive, of this Complaint for Declaratory Relief as though fully restated herein.

41. Underlying Plaintiffs allege that defendants intentionally failed to keep promises in order to secure from Underlying Plaintiffs funds to which they were not entitled, thus specifically alleging Fraud in the Complaint as Count I.

42. The Policy excludes coverage for expected and intended conduct:

*2. Exclusions*

*This insurance does not apply to:*

  *a. Expected Or Intended Injury*

   *"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not*

11

> *apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.*

CG 00 01 04 13 at p. 2 of 16.

43. There is no coverage under the Policies for intentional conduct as it does not fall within the Policy Exclusions for Expected or Intended injuries.

## COUNT VI – No Coverage for Punitive Damages

44. Evanston restates and incorporates by reference the allegations set forth in Paragraphs 1 through 42, inclusive, of this Complaint for Declaratory Relief as though fully restated herein.

45. The Policies contain an Endorsement, which provides the following:

> *THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.*
>
> *COMBINATION GENERAL ENDORSEMENT*
>
> *This endorsement modifies insurance provided under the following:*
>
> *COMMERCIAL GENERAL LIABILITY COVERAGE FORM*
>
> *…*
>
> *2. The following Exclusions are added:*
>
> *This insurance does not apply to:*
>
> *…*
>
> ***Fines, Penalties And Punitive Or Exemplary Damages***
> *Fines, penalties, and punitive or exemplary damages, or any expenses or any obligation to share such damages or repay another. However, this exclusion does not apply to punitive damages from wrongful death brought under Alabama's Wrongful Death Statute.*

MEGL 0001 08 14 at p. 1 of 2.

46. Underlying Plaintiffs allege that they are entitled to recover punitive damages in Count V of the Complaint.

47. To the extent that Underlying Plaintiffs are awarded fines, penalties, punitive or exemplary damages, there is no coverage for such award under the Policies.

### COUNT VII – No Coverage For Breach of Contract

48. Evanston restates and incorporates by reference the allegations set forth in Paragraphs 1 through 47, inclusive, of this Complaint for Declaratory Relief as though fully restated herein.

49. The Policies contain the following Endorsement which excludes coverage for Breach of Contract Claims:

> *THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.*
>
> *COMBINATION GENERAL ENDORSEMENT*
>
> *This endorsement modifies insurance provided under the following:*
>
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> *A. Paragraph 2. Exclusions of Section I - Coverage A – Bodily Injury And Property Damage Liability and Coverage B – Personal And Advertising Injury Liability are revised as follows:*
> *1. The following Exclusion:*
>    *a. Is added to Coverage A; and*
>    *b. Replaces the Breach Of Contract exclusion in Coverage B:*
>    *This insurance does not apply to:*
>    ***Breach Of Contract***
>    *Claims arising out of breach of contract, whether written or oral, express or implied, implied-in-law, or implied-in-fact contract*

MEGL 0001 08 14 at p. 1 of 2.

50. Underlying Plaintiffs expressly plead a claim for Breach of Contract in the operative Complaint.

51. To the Extent that the Underlying Plaintiffs are awarded damages for breach of any written, oral, express, implied, implied -in-law or implied in- fact contract, there is no coverage for such allegations.

### COUNT VIII – No Coverage for Continuous or Progressive Injury or Damage

52. Evanston restates and incorporates by reference the allegations set forth in Paragraphs 1 through 51, inclusive, of this Complaint for Declaratory Relief as though fully restated herein.

53. The Policies contain the following Endorsement, which excludes coverage for any continuous or progressive injury or damage:

> *THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.*
>
> **EXCLUSION – CONTINUOUS OR PROGRESSIVE INJURY OR DAMAGE**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE FORM
>
> *The following is added to Paragraph **2**. Exclusions under Section **I** – Coverages, Coverage **A** – Bodily Injury And Property Damage Liability and Coverage **B** – Personal And Advertising Injury Liability:*
>
> *This insurance does not apply to:*
>
> **Continuous Or Progressive Injury Or Damage**
>
> "Bodily injury", "property damage" or "personal and advertising injury" which:
>
> > *(1) First occurred, first began to occur, or is alleged to have first occurred;*
> >
> > *(2) Is alleged to be in the process of occurring to any degree; or*

> *(3) Is caused by or alleged to have been caused by incremental, continuous or progressive injury or damage arising from an "occurrence" or offense which first occurred, began to occur, or is alleged to have first occurred, prior to the effective date of this policy.*
>
> *All other terms and conditions remain unchanged*

54. Thus, there is no coverage under any of the Policies for any continuous or progressive injury or damage which first occurred prior to the effective date of the policy.

WHEREFORE, Evanston Insurance Company seeks a declaration that it has no further duty to provide a defense or indemnity to Cernuto for the claims asserted in Civil Action No. 20-C-240-K currently pending in the Circuit Court of Raleigh County, West Virginia, and for such further relief as this Court deems just and proper.

**EVANSTON INSURANCE COMPANY,**

**By Counsel**

*/s/ Lee Murray Hall*
Lee Murray Hall, Esq. (WVSB #6447)
JENKINS FENSTERMAKER PLLC
325 8th Street
Huntington, West Virginia 25701
Telephone: (304) 523-2100
Fax: (304) 523-2347
Email: LMH@jenkinsfenstermaker.com

4878-6874-9855, v. 1